UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF BOISE, a municipal corporation; DAVID BIETER; CITY OF BOISE COUNCIL; CITY OF BOISE PUBLIC WORKS DEPARTMENT; CITY OF BOISE LEGAL DEPARTMENT,<br><br>        Defendants. | Case No. 1:21-cv-00446-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Raul Mendez is no stranger to litigation. Prior to November 15, 2021, Mendez had filed ten civil lawsuits on his own behalf and one on behalf of his mother in federal court in the District of Idaho.[1] On November 15, 2021, Mendez filed three additional suits. As will be explained below, each of the three new lawsuits are repetitious of prior suits Mendez has brought in this District. In fact, the above-captioned case is Mendez's third lawsuit involving the same operative facts.

In any District, but particularly one such as Idaho strapped for judicial resources, these abusive litigation tactics must be addressed head-on. Accordingly, the Court is

---

[1] Mendez is not a licensed attorney.

considering deeming Mendez a vexatious litigant and entering a pre-filing review order. The Court's standard review of Mendez's Application to Proceed *in forma pauperis* (Dkt. 1) and Complaint (Dkt. 2) in this case is held in abeyance pending the Court's determination on Mendez's status.

## II. LEGAL STANDARD

Federal courts can "regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citing *De Long v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir.1990) (cleaned up)). Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), "enjoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction" that courts may impose. *De Long,* 912 F.2d at 1147.

Restricting access to the courts is, however, a serious matter. "[T]he right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner,* 143 F.3d 1219, 1222 (9th Cir. 1998). The First Amendment "right of the people . . . to petition the Government for a redress of grievances," which secures the right to access the courts, has been termed "one of the most precious of the liberties safeguarded by the Bill of Rights." *BE & K Const. Co. v. NLRB,* 536 U.S. 516, 524–25 (cleaned up). Profligate use of pre-filing orders could infringe this important right, *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir.2007) (per curiam), as the pre-clearance requirement imposes a substantial burden on the free-access guarantee.

Out of regard for the constitutional underpinnings of the right to court access, "pre-filing orders should rarely be filed," and only if courts comply with certain procedural and

substantive requirements. *De Long,* 912 F.2d at 1147; *see also Rote v. Comm. on Jud. Conduct & Disability of Jud. Conf. of United States*, 848 F. App'x 746, 747 (9th Cir. 2021) (unwinding a district court's prefiling order because the "requisite process for [entering] such an order was not followed").

When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147–48.

The first and second of these requirements are procedural, while the "latter two factors . . . are substantive considerations . . . [that] help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Molski,* 500 F.3d at 1058. In "applying the two substantive factors," the Ninth Circuit has held a separate set of considerations employed by the Second Circuit Court of Appeals "provides a helpful framework." *Id.* The Second Circuit considers the following five substantive factors to determine "whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation or if other sanctions are adequate":

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has

MEMORANDUM DECISION AND ORDER - 3

posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (quoting *Safir v. U.S. Lines, Inc.,* 792 F.2d 19, 24 (2d Cir.1986)).

The final consideration—whether other remedies "would be adequate to protect the courts and other parties" is particularly important. *See Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 818 (4th Cir. 2004). In light of the seriousness of restricting litigants' access to the courts, pre-filing orders should be a remedy of last resort.

## III. DISCUSSION

A careful reader will note that the above legal standard section comes almost verbatim from the Ninth Circuit case *Ringgold-Lockhart.* 761 F.3d 1057 (9th Cir. 2014). As will become apparent, the Court has no doubt Mendez will appeal this and/or any subsequent orders on this topic to the Ninth Circuit for review. Such is his prerogative. Cognizant of that fact—and because this type of action is to be used as a last resort—the Court will carefully walk through each of the elements as set forth by the Ninth Circuit in *Ringgold-Lockhart* to ensure it is not curtailing Mendez's rights.

### A.  Notice and Opportunity to be Heard

As mentioned above—and as will be explained in detail below—the instant case is Mendez's third attempt to litigate the same issues. Accordingly, the Court provides Mendez notice that it intends to dismiss this case in its entirety with prejudice and class him as a vexatious litigant *as to these topics*. Mendez may file a responsive pleading within 21 days of the date of this order explaining: 1) why the Court should not dismiss this case outright;

and 2) why the Court should not enter a pre-filing order restricting him from filing any complaint with claims relating to the same set of facts at issue here.

## B. Adequate Record for Review

The above-captioned case is the impetus for the Court's decision to analyze whether Mendez should be classed as vexatious. That said, the Court will recap all of Mendez's federal filings for three reasons.

First, the above-captioned case is not the only repeat case Mendez has filed. As noted, the other two cases filed on November 15, 2021, are substantially similar to two previous cases as well.

Second, the final prong of the test at issue asks whether the Court can narrowly tailor any restrictions it plans to impose. The Ninth Circuit has consistently held that any vexatious litigant status or pre-filing requirement must be specific to the "wrongful behavior." *Molski,* 500 F.3d at 1061. That is to say, the Court cannot wholesale prohibit Mendez from filing lawsuits in federal court. Such would deny him his constitutional rights. It can, however, prohibit him from filing "the type of claims" that have been subject to dismissal and/or deemed frivolous. *Id.*

Third, and finally, while the Court need not rely on some of Mendez's cases for its finding of vexation as to the claims at issue here, those cases—and specifically Mendez's behavior in those cases—illustrate a pattern of behavior that the Court *can* take into account

when determining an appropriate remedy.[2] *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (cleaned up) (A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

    *1. General Civil Cases*

    The cases summarized below are all general civil cases. They are not as relevant to the Court's conclusion as it relates to the above-entitled action, but are, nonetheless, helpful for context in determining whether Mendez should be deemed vexatious.

    a.  <u>Mendez v. St Alphonsus (1:12-cv-00026-EJL-CWD)</u>

    In 2012, Mendez filed suit against his former employer, Saint Alphonsus Regional Medical Center, alleging unlawful discrimination in the workplace. While represented on two occasions in that case by licensed attorneys, both found Mendez difficult to work with and eventually withdrew, leaving Mendez to proceed pro se. After discovery, the defendant filed a Motion for Summary Judgment. On referral, United States Magistrate Judge Candy W. Dale recommended defendant's Motion be granted. Dkt. 78.[3] Over Mendez's objections, Judge Edward J. Lodge adopted Judge Dale's report, granted Defendant's Motion for Summary Judgment, and dismissed all of Mendez's claims.

    b.  <u>Mendez v. Community Health (1:16-cv-00425-DCN)</u>

---

[2] An additional reason is that the Court will be required to step through this process in Mendez's other cases if/when it determines a pre-filing order should be entered in those cases as well. Having a comprehensive discussion here of all Mendez's litigation to date will serve the District of Idaho in the future.

[3] Docket citations within each sub-section are to the docket numbers *in that specific case.*

In 2016, Mendez filed suit against another former employer, Community Health Clinics, Inc., alleging unlawful discrimination in the workplace. After four and a half years, the undersigned ultimately granted the defendant's motion for case terminating sanctions based upon Mendez's litigation tactics and behavior in that case. Dkt. 75. The Court will not delve into the ongoing saga particular to this case other than to note three things that will become relevant when discussing later cases and as part of the Court's decision today.

First, in this particular case, Mendez sought on three occasions to add a claim for Retaliation under the First Amendment. Dkts. 36, 41, 63. The Court denied Mendez's request on procedural and substantive grounds each time. Dkts. 40, 49, 75.

Second, in this case, Mendez also filed two motions for reconsideration. Dkts. 20, 41.

Third, Mendez frequently contacted the Court's law clerk assigned to this particular case. Such is permissible in limited circumstances. *See* Dkt. 75, at 16 n.8. Mendez, however, would then use informal communications between himself and the Court's clerk as fodder for motion practice. *See*, *e.g.,* Dkts. 68, 72, 75, at 22 n.9. The Court summarized Mendez's fairly egregious behavior in its final order dismissing the case. Dkt. 75, at 22.

This case is now on appeal before the Ninth Circuit. Ninth Circuit Case No. 21-35179. Of note, Defendants have asked the Ninth Circuit to declare Mendez a vexatious litigant. Ninth Circuit Case No. 21-35179, Dkt. 15. Mendez awaits the Ninth Circuit's decision.

  c. <u>Mendez v. State of Idaho (1:18-cv-00063-DCN)</u>

In this case, Mendez sought to "remove" a pending Idaho Supreme Court Appeal—

stemming from a traffic ticket Mendez failed to pay—to the Ninth Circuit Court of Appeals via the District Court. The undersigned explained Mendez's request was not proper and "remanded" the case back to the Idaho Supreme Court. Dkt. 6. Mendez appealed. Dkt. 8. The Ninth Circuit dismissed the appeal for lack of jurisdiction. Ninth Circuit Case No. 18-35162, Dkt. 2. Mendez asked the Circuit to Reconsider. *Id*. at Dkt. 3. The Circuit denied the request. *Id*. at Dkt. 4.

### d.  Mendez v. Moonridge (1:19-cv-00092-DCN)

This case stems from Mendez's refusal to pay his HOA dues. After he contested the dues—and failed to pay—the HOA (Moonridge) filed a small claims action in Ada County, Idaho, against Mendez. Mendez then removed the case to Federal District Court and alleged four counterclaims. The undersigned ultimately remanded the case to Idaho State Court finding it lacked jurisdiction over the matter. Dkt. 24. The Court explained that while Mendez's counterclaims may invoke federal jurisdiction, the original claims did not, and the Court's analysis only looks at the original complaint. Mendez sought reconsideration (Dkt. 25); the Court denied the request (Dkt. 30).

### e.  Mendez v. Moonridge (1:19-cv-00507-DCN)

Following the Court's decision that it did not have jurisdiction over a removed state-law cause of action with no original federal matters at issue, Mendez filed his own federal case against Moonridge asserting the same four counterclaims as in Case No. 1:19-cv-00092, except this time as original causes of action. Dkt. 2. The undersigned granted in part and denied in part Defendants' Motion to Dismiss (Dkt. 21) and denied Mendez's subsequent Motion to Reconsider (Dkt. 25). This case is still pending.

### f.   Mendez v. Sony (1:20-cv-00588-DCN)

In this case, Mendez alleges Sony removed the majority of the digital content he had purchased from the PlayStation store for use on his home gaming devices. Sony asked for an early stay order so the parties could arbitrate. Dkt. 5. The Court agreed (Dkt. 17) and the case is currently stayed pending arbitration. Mendez later sought to lift the stay (Dkt. 19) which the Court denied (Dkt. 22). Mendez recently sought reconsideration of that decision. Dkt. 24. The Court notes that Mendez has also specifically targeted the law clerk in this particular case for some ire as the clerk purportedly "refus[ed] to respond to matters [i.e. questions Mendez's posed via email] that they are allowed to assist the parties with." Dkt. 15, at 3.

### g.   Mendez v. Ada County Libraries (1:20-cv-00589-DCN)

In this case, Mendez has sued various library boards claiming they violated his rights when each curtailed operations to combat the COVID-19 pandemic. The Court granted Defendants' Motion to Dismiss (Dkt. 13) and denied Mendez's Motion for Reconsideration (Dkt. 17). Mendez recently indicated he will no longer be pursuing his claims in this case. Dkt. 22.[4] The Court dismissed Mendez's complaint consistent with his desire. Dkts. 23, 24. Mendez has appealed. Dkt. 25.

### h.   Mendez v. Community Health (1:21-cv-00448-BLW)

As mentioned, this recently filed case is almost identical to the case the undersigned

---

[4] In his most recent filing, Mendez also accused the Court of holding him to an "unreasonably high standard" in order to "deny [him] access to the Court." Dkt. 22, at 1. Such was not the case; the Court was very lenient with Mendez—procedurally and substantively—and provided him every opportunity to pursue any legally viable claims. The Court ruled the way it did in that case because Mendez's claims lacked merit; not because of any sympathies or prejudices towards Mendez.

MEMORANDUM DECISION AND ORDER - 9

presided over for almost five years and which is now on appeal. In the prior case, Mendez brought seven causes of action. Case No. 1:16-cv-00425, Dkt. 2. In the above-captioned case, Mendez brings seven causes of action. Dkt. 2. Each complaint shares six of the same claims. The only difference between the two complaints is Mendez has substituted out a previously alleged Eight Amendment claim for a new First Amendment claim (which he tried unsuccessfully to add to the prior case on multiple occasions). Because of the undersigned's extensive history with the prior case, Judge B. Lynn Winmill has determined it will be best to transfer the matter to the undersigned for resolution.

       i.   <u>Rosales v. Idaho Department Health and Welfare (1:19-cv-000426-DCN)</u>

Alma Rosales brought this case alleging her food stamp benefits had been impermissibly lowered by the Idaho Department of Health and Welfare. After an initial review, the Court allowed the case to proceed but required that Rosales pay the requisite filing fee over time. Dkt. 7. Rosales filed a Motion for Reconsideration (Dkt. 10) which was denied (Dkt. 11). Rosales appealed that decision. Dkt. 12. The Circuit dismissed for lack of jurisdiction. Ninth Circuit Case No. 20-35101, Dkt. 2. In subsequent filings, it became clear that Mendez—Alma's son—was "attempting to represent [her] in the[] proceedings." Dkt. 26, at 1. The Court indicated that because Mendez is not a licensed attorney, he could not represent her and struck the items he had filed on her behalf. *Id*. at 3. Rosales never obtained legal counsel, could not proceed pro se, and, eventually, the Court had no choice but to dismiss the complaint. Dkt. 53. Rosales appealed. Dkt. 55. The matter has been briefed before the Ninth Circuit and the parties await a decision. Ninth Circuit Case No. 20-35668.

MEMORANDUM DECISION AND ORDER - 10

*2.  The Trash and Sewer Cases*

The following civil cases all revolve around Mendez's allegations that because he does not reside at his primary residence—he instead resides at his mother's home as her caregiver—he should not be required to pay various base utility fees.

    a.  <u>Mendez v. City of Boise (1:19-cv-00049-BLW)</u>

After Mendez refused to pay mandatory sewer service fees, the City of Boise filed a claim in Ada County against him. Mendez removed the claim to federal court and asserted five counterclaims. Dkt. 1. Defendants filed a Motion for Remand. Dkt. 3. Judge B. Lynn Winmill determined that the Court did not, in fact, have jurisdiction because the original complaint lacked any federal nexus and remanded the matter to state court. Dkt. 7. Mendez filed a Motion for Reconsider (Dkt. 10) which Judge Winmill denied (Dkt. 13). Mendez appealed. Dkt. 14. The Ninth Circuit dismissed the case for lack of jurisdiction. Ninth Circuit Case No. 19-35874. Dkt. 3. Mendez asked the Circuit to Reconsider. *Id*. at Dkt. 4. The Circuit denied the request. *Id*. at Dkt. 5.

    b.  <u>Mendez v. Ada County (1:19-cv-00301-BLW)</u>

In this case, Mendez brought claims against Ada County alleging their requirement that he pay for trash services at his home when he does not reside there was a violation of his rights. Dkt. 1. He asserted five different causes of action. *Id.* Various Defendants moved to dismiss the claims. Dkts. 32, 39. Judge Winmill eventually dismissed one of Mendez's federal claims without prejudice, three claims with prejudice, and declined to exercise jurisdiction over his state law claims. Dkt. 65. Mendez appealed. Dkt. 66. The Ninth Circuit affirmed Judge Winmill in all respects. Dkt. 74.

c. <u>Mendez v. City of Boise (1:20-cv-00061-BLW)</u>

Here, Mendez again sought review over the City of Boise's decision to charge him sewage fees at his unoccupied home. Unlike his prior case, however—which he removed from Idaho state court—Mendez brought these claims in federal court of his own accord. Dkt. 2. Judge Winmill reviewed Mendez's complaint and dismissed his federal claims as lacking merit and declined to exercise supplemental jurisdiction over his state law claims. Dkt. 4. Mendez appealed. Dkt. 5. The Ninth Circuit affirmed Judge Winmill in all respects. Dkt. 10. Mendez sought en banc review and to stay the Ninth Circuit's mandate. Ninth Circuit Case No. 20-35474. Dkts. 7, 9. Each request was denied. *Id.* at Dkts. 8, 10.

d. <u>Mendez v. Ada County (1:21-cv-00447-BLW)</u>

Mendez recently filed a new federal civil case again seeking review of Ada County's decision to charge him trash fees. Dkt. 2. Mendez brings this case against the exact same ten defendants as in his prior case. Additionally, as the following graph illustrates, many of the claims Mendez now brings were part of his prior complaint and have been fully adjudicated by the District Court *and* the Ninth Circuit.

| Claim | Case 19-301 (Dkt. 25) | Case 21-447 (Dkt. 2) |
|---|---|---|
| 1 | 5th and 14th Amendment | 14th Amendment - Equal Protection |
| 2 | Federal Debt Collection Practices Act | 14th Amendment - Takings |
| 3 | Intentional Infliction of Emotional Distress | 14th Amendment – Liberty in Not Being Defamed |
| 4 | Damage to Reputation | Federal Debt Collection Practices Act |
| 5 | Federal Trade Commission Act | Intentional Infliction of Emotional Distress |

| 6 | Fraud | Damage to Reputation - Defamation |
| 7 | Racketeering | Fraud |
| 8 | | Racketeering |

As illustrated—and construing all claims liberally—while the order is slightly different, at least six of the claims in Mendez's new case are identical to claims he brought in his prior case and a ruling on those six claims has already been entered and affirmed.

   e.  <u>Mendez v. City of Boise (1:21-cv-00446-DCN)</u>

Mendez also recently filed the above-captioned case. This case seeks—for the third time—a decision as it relates to the City of Boise's decision to enforce its sewer fees.

In his original case (Case No 1:19-cv-00049), Mendez brought suit against ten defendants. In his subsequent suit (Case No. 1:21-cv-00446), Mendez brought suit against five of the ten previously-named defendants. In his current suit, Mendez retains the same group of five defendants from the second case. And, as before, the claims are substantially similar to prior lawsuits on the same topic.

| Claim | Case 19-49 (Dkt. 1) | Case 20-61 (Dkt. 2) | Case 21-446 (Dkt. 2) |
|---|---|---|---|
| 1 | 5th and 14th Amendment | 5th and 14th Amendment | 14th Amendment - Equal Protection |
| 2 | Federal Debt Collection Practices Act | Federal Debt Collection Practices Act | 14th Amendment - Takings |
| 3 | Good Faith and Fair Dealing | Good Faith and Fair Dealing | 14th Amendment – Liberty in Not Being Defamed |
| 4 | Intentional Infliction of Emotional Distress | Intentional Infliction of Emotional Distress | Federal Debt Collection Practices Act |

| 5 | Damage to Reputation | Damage to Reputation | Good Faith and Fair Dealing |
| 6 | | Fraud | Intentional Infliction of Emotional Distress |
| 7 | | | Damage to Reputation - Defamation |
| 8 | | | Fraud |

Similar to the trash cases, while it appears Mendez has consistently added more claims with each new case, many were also the subject of prior lawsuits and prior adverse rulings. Here, for example, it appears Mendez has split apart his Fifth and Fourteenth Amendment claims (from a combined single claim) but, other than that, the remaining claims are identical.

**C. Substantive Findings of Frivolousness or Harassment**

"[B]efore a district court issues a pre-filing injunction . . . it is incumbent on the court to make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" *De Long,* 912 F.2d at 1148 (quoting *In re Powell,* 851 F.2d 427, 431 (D.C. Cir. 1988) (per curiam)). To determine whether the litigation is frivolous, district courts must "look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id.* While the Ninth Circuit has not established a numerical definition for frivolousness, it has held that "even if [a litigant's] petition is frivolous, the court [must] make a finding that the number of complaints was inordinate." *Id.* Litigiousness alone is not enough, either: "'The plaintiff's claims must not only be numerous, but also be patently

without merit.'" *Molski,* 500 F.3d at 1059 (quoting *Moy v. United States,* 906 F.2d 467, 470 (9th Cir. 1990)).

The Court is careful to reiterate that it has not yet determined whether it will deem Mendez vexatious and enter a pre-screening order. It will wait to hear from Mendez as required. The Court also wishes to reiterate that, consistent with the Ninth Circuit's comments, it is not finding that there is anything wrong with being "litigious" in general. Mendez files more federal lawsuits than most citizens; however, such is not inherently wrong. Additionally, it is not necessarily bad faith to file anew a lawsuit that was dismissed *if circumstances permit*.[5] Nevertheless, such is not the case here.

For example, the fact that Mendez has filed a second, subsequent case against Community Health is not—standing alone—a grave concern. However, that case contains six causes of action that were a part of the prior case that is currently on appeal. Ninth Circuit Case No. 21-448, Dkt. 2. Additionally, that the sole new claim in the new case was the subject of three prior adverse rulings from the undersigned in the prior case appears to "constitute an intent to harass the defendant or the court." *De Long*, 912 F.2d at 1148 n.3.

More to the point, however, as it relates to the sewer fee cases: Mendez is trying to refile a case that *has already been adjudicated*. His minor additions do not change this outcome. The facts are the same. The pleadings are largely the same. That Mendez continues to throw federal causes of action (or quasi-federal causes of action) at the wall in the hopes that something sticks is inappropriate.

---

[5] For example, if the Court finds a particular complaint suffers from a procedural defect and dismisses said complaint without prejudice, the party could refile once the defect is cured.

And it is not so much the number of cases or the number of motions that gives the Court pause—although asking for reconsideration on virtually all matters and appealing almost every case does show a general disregard for the Court's time and resources. The Court's greater concern is Mendez's apparent belief that the federal courts can quell all of his woes. From traffic infractions gone sideways to unpaid sewer and trash fees; from disagreements with his HOA and Fortune 500 Companies, to true federal employment causes of action, Mendez feels federal court is the place for him to air his grievances.[6]

Mendez has sought on three occasions to remove matters to federal court that are not removable. He has brought claims before that were unsupported by evidence. And he has pressed the Court time and again for leniency as a pro se party (and been granted many accommodations) only to turn around and squander those courtesies.[7] As the Court has previously noted: "it appears sometimes that Mendez is purposefully trying to make his situation, opposing counsel's situation, and the Court's situation *more* difficult. He then, in turn, blames the Court, opposing counsel, or 'the system' for the difficulties he faces." Case No. 1:16-cv-000425, Dkt. 75, at 22–3.

These general observations aside, the Court specifically finds that filing three cases on the same issues constitutes frivolousness or harassment. Even discounting the first sewer

---

[6] The Court would also note that Mendez is listed as a plaintiff or defendant in seven causes of action in Idaho state court.

[7] For example, in Case No. 1:16-cv-00425, Mendez once sought an extension of time to respond to a particular motion based upon his inability to access legal materials and/or technology. The Court granted the same. Mendez then turned around and filed three wholly unrelated motions. Each of the motions was later deemed frivolous and stricken. Dkt. 75, at 4–7, 9–13. Also, Mendez has frequently commented that he needs accommodations because he uses libraries and has limited access to email, only to send the Court documents and emails late in the evening when no public library is open.

suit (Case No. 1:19-cv-00049), which Mendez erroneously tried to remove, the claims Mendez brings now in Case No. 1:21-cv-00446 are almost identical to the claims he brought in Case No. 1:20-cv-00061. As mentioned, Mendez essentially split up his Fourteenth Amendment claim, but other than that, the lawsuits are virtually identical. Critically, the Ninth Circuit *already ruled* on Mendez's federal claims—his Due Process and Fair Debt Collection Practices Act Claims—in that case and found that Judge Winmill was correct in dismissing them. Mendez's efforts now to expand his Due Process claim—from procedural due process to equal protection, takings, and defamation—are little more than a reframing of prior arguments under different titles.

In like manner, the Ninth Circuit already found Judge Winmill's determination as to Mendez's federal claims in his prior trash case, Case No. 1:19-cv-00301—Equal Protection, Fair Debt Collection Practices Act, and Racketeering claims—were properly dismissed. Again, the fact that Mendez included those claims in his new case strains reason and is an afront to the Court.[8]

### D. Narrowly Tailored Restrictions

Finally, as explained, pre-filing orders "must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski,* 500 F.3d at 1061. In *Molski,* the Ninth Circuit approved the scope of an order because it prevented the plaintiff from filing "only the type of claims Molski had been filing vexatiously," and "because it will not deny Molski access

---

[8] The Court is leaving out an entire discussion regarding claim and issue preclusion—two legal principles that bar some, if not all, of Mendez's claims in the three recently-filed suits. Were the Court to allow any to proceed, the various Defendants will undoubtedly raise such defenses. Again, however, these cases may never reach that point following initial reviews by the Court.

to courts on any . . . claim that is not frivolous." *Id.* The Court proposes a similar order in this case—subject to Mendez's responsive pleading. It is the Court's intent to enter an order prohibiting Mendez from filing suit against the five defendants in the above-captioned case on the subject of unpaid sewer fees.

Again, the Court must distinguish between Judge Winmill's cases and the above-captioned case. Judge Winmill can do with the cases assigned to him as he deems appropriate. However, the Court will note two things. Consistent with its review above, Mendez's recently filed second case involving trash fees overlaps to a substantial degree with his prior case *and includes claims already deemed improper* by the District Court and the Ninth Circuit. Thus, at a minimum, Mendez should voluntarily dismiss that case and refile a complaint that does not contain all previously dismissed claims. Second, because the Court has extensive experience with Case No. 1:16-cv-00425, Judge Winmill will be transferring Case No. 1:21-cv-00448 to the undersigned.

Finally, the Court reiterates that it is not currently taking action against Mendez. It is, however, memorializing Mendez's extensive litigation history in this District and outlining its concerns moving forward. After the Court hears from Mendez, it will make a determination as to how to proceed in this specific case.

Nevertheless, whatever the Court decides, it will not be a blanket prohibition on the filing of matters in the District of Idaho. At this stage, such is unwarranted. What is likely warranted, however, is an order prohibiting Mendez from filing any lawsuits on the subject of sewer fees and/or trash fees against certain defendants. A limited and narrowly tailored pre-screening order to that effect would be permissible and warranted. The matters Mendez

seeks to continually bring up have been decided. Adding or subtracting a claim or two and "trying again" is a waste of the Court's limited time and resources.

Finally, the Court reiterates that even with a pre-screening order, such will not be a complete bar to suits of this nature. As an extreme example, were the City to violate Mendez's rights as it relates to these fees (thinking it is immune from suit because of the Court's order) Mendez would not be prohibited from filing a new lawsuit based upon new facts even if related to the same general topic.

In sum, the Court's intention today is to make clear that Mendez, like all parties who come before the District of Idaho, has enjoyed the Court's leniency and patience *and he will continue to receive the same.* However, Mendez is on notice generally that he may be classed as a vexatious litigant in the future if he does not comply with the Court's orders. In addition, before the Court will review his application to proceed in forma pauperis status and complaint *in this case*, Mendez must explain why he should not be classed as vexatious, and why an order should not be entered curtailing any future lawsuits on sewer fees—a matter that has twice been decided.

Mendez is at a crossroad. He is not like some litigants the Court sees who have filed hundreds of non-sensical cases. Many of Mendez's cases have *some* merit. However, the way in which Mendez has prosecuted his cases—seeking reconsideration on virtually everything; appealing almost every case—puts a strain on the resources of the District of Idaho. Mendez often discusses fair access to justice. He is entitled to that, but so is everyone else. The Court has spent a great deal of time and resources dealing with Mendez's various claims. Many Defendants have likewise expended time and resources defending

MEMORANDUM DECISION AND ORDER - 19

themselves against Mendez's attacks. This is par for the course in our adversarial process. Nevertheless, Mendez has begun to *waste* the Court's (and many Defendants') time and resources attempting to relitigating claims *that have already been adjudicated.* Such is improper. *Moy*, 906 F.2d at 471.

The Court hopes Mendez will take this warning to heart, clean up his recently filed causes of action,[9] and more forward.

## IV. ORDER

1. Within 21 days of the date of this order, Mendez shall file a responsive pleading explaining: 1) why the Court should not dismiss this case outright for being repetitious; and 2) why the Court should not find him vexatious and enter a pre-filing order restricting him from filing any complaint with claims relating to the same set of facts against the same defendants at issue here.[10]

2. The Court will hold in abeyance its determination as to any vexatious litigant status until it receives, and review's, Mendez's response. The Court will also wait to screen this case on the merits and determine if Mendez can proceed without pre-payment of the filing fee until after it rules on the aforementioned matters.

3. A copy of this order shall be filed in Case No. 1:21-cv-00447-BLW and Case No. 1:21-cv-00448-BLW.

---

[9] For example, Mendez could filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) in each of his three new cases, and then refile new complaints in compliance with the Court's order above.

[10] Again, in lieu of filing this response, Mendez may voluntarily dismiss all three of his recently-filed cases and file new complaints that comply with this decision and do not contain claims already adjudicated.

4. Consistent with the Court's internal discussions, Judge Winmill will transfer Case

No. 1:21-cv-00448 to the undersigned at his earliest convenience.

DATED: March 21, 2022

David C. Nye
Chief U.S. District Court Judge