UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF BOISE, a municipal corporation; DAVID BIETER; CITY OF BOISE COUNCIL; CITY OF BOISE PUBLIC WORKS DEPARTMENT; CITY OF BOISE LEGAL DEPARTMENT,<br><br>        Defendants. | Case No. 1:21-cv-00446-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are two motions from Defendants City of Boise, David Bieter, City of Boise Council, City of Boise Public Works Department, and City of Boise Legal Department (collectively "City of Boise"). The first is a Motion to Dismiss Plaintiff Raul Mendez's Complaint (Dkt. 2) for failure to state a claim (Dkt. 13). The second is a Motion to Strike (Dkt. 20) Mendez's Amended Complaint (Dkt. 19) as untimely.

The Court finds that the decisional process would not be significantly aided by oral argument and will decide the motions on the briefs filed. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS the City of Boise's Motion to Strike Mendez's Amended Complaint and GRANTS the City of Boise's Motion to Dismiss Mendez's Complaint.

## II. BACKGROUND

This is Mendez's third case with the City of Boise regarding the City of Boise's enforcement of its base sewer fees.[1] *See* Dkt. 4, at 11–14. In fact, the above-captioned case involves the same operative facts as those alleged by Mendez in his two previous suits against the City of Boise. *Compare* Case No. 49, at Dkt 1; Case No. 61, at Dkt. 2; Dkt. 2.

Mendez's grievances with the City of Boise arise from a base fee for sewer services that the City of Boise requires all residents to pay regardless of a home's vacancy status. Mendez, a Boise resident, vacated his Boise home to care for his disabled mother at her home. Mendez alleges in his Complaint that he contacted Boise's Department of Public Works (DPW) in an effort to discontinue sewer services at his Boise home because he no longer occupied the property. DPW supposedly advised Mendez that he could apply for a vacancy status of his home but that a base fee for sewer services would still apply to the property. Upset with the City of Boise's policy, Mendez contacted several different city officials attempting to waive payment of the base sewer fee on his vacant property. At one point, Mendez was allegedly told by a city employee that his base fee would be waived if he paid to have his sewer line plugged, which Mendez did not do.

---

[1] Mendez's first case can be found at Case No. 1:19-cv-00049-BLW (hereinafter "Case No. 49"). It was initiated when the City of Boise filed a small claim against Mendez in an effort to collect on past-due sewer fees. Mendez filed counterclaims virtually identical to the claims raised in the present suit and tried to remove the case to federal court. Judge Winmill dismissed the case for lack of jurisdiction and remanded the issues back to state court.

Mendez's second case can be found at Case No. 1:20-cv-00061-BLW (hereinafter "Case No. 61"). Mendez filed this suit against the City of Boise in federal court in February 2020. Judge Winmill granted the City of Boise's motion to dismiss, and the Ninth Circuit affirmed.

After Mendez refused to pay the base fee for some time, the City of Boise sent Mendez a letter warning him of potential legal action should he continue to avoid paying his fees. Nonetheless, Mendez did not pay the fees, and the City of Boise initiated a small claims action in 2019 against Mendez to recover the unpaid fees.[2] This resulted in a default judgment and a judgment lien being filed against Mendez. According to Mendez, the City of Boise continues to send him collection letters for the unpaid sewer service fees.

After Mendez failed to successfully dispute the small claims action against him, Mendez filed suit against the City of Boise in federal court on February 6, 2020. Case No. 61, Dkt. 2. On May 4, 2020, Judge Winmill dismissed Mendez's federal claims as lacking merit and declined to exercise supplemental jurisdiction over Mendez's state law claims. Almost one year later, the Ninth Circuit affirmed Judge Winmill's decision in all respects. Case No. 61, Dkt. 10.

Despite these judgments, Mendez has sought continued litigation of these same claims rooted in the same operative facts by filing the case presently before the Court. On December 19, 2022, the City of Boise filed a Motion to Dismiss Mendez's current suit for failure to state a claim. Dkt. 13. The Court extended the deadline for Mendez's response to January 26, 2023. Dkt. 17. On January 25, 2023, Mendez filed a response to the City of Boise's Motion to Dismiss along with an Amended Complaint against all Defendants. Dkts. 18–19. Shortly thereafter, the City of Boise motioned to strike Mendez's Amended Complaint. Dkt. 20.

---

[2] The City of Boise sought to recover $129.05 from Mendez. Dkt. 19, at ¶ 38.

MEMORANDUM DECISION AND ORDER - 3

The claims brought forth in the present case are virtually identical to those brought by Mendez in his 2020 suit. These include several federal and state level claims against the City of Boise.³ In fact, the only difference between these claims and those brought forth in Mendez's 2020 suit is that Mendez appears to have split his previous Fifth and Fourteenth Amendment claims into three separate claims. *See* Dkt. 4, at 13. Regardless, each of these claims were previously brought before this Court and the Ninth Circuit in Mendez's 2020 case.

As the merits of these claims have already been adjudicated by Judge Winmill and the Ninth Circuit, the City of Boise argues that Mendez's claims have been fully decided and are, consequently, precluded from being presented before this Court once again. Conversely, Mendez argues that neither of Judge Winmill's dismissals of his prior actions was an adjudication on the merits and that he is not precluded from bringing forth his current claims.

### III. DISCUSSION

While the primary issue in this decision is whether the Court should dismiss Mendez's entire case, the Court cannot determine the merits of the City of Boise's Motion to Dismiss until it first decides whether Mendez's Amended Complaint should be stricken. Therefore, the Court will first address the City of Boise's Motion to Strike and then address

---

³ Mendez brings forth two main federal claims against Defendants City of Boise, including: 1) violation of constitutional rights under the Fourteenth Amendment, and 2) violation of the Federal Debt Collection Practices Act (FDCPA). Dkt. 19, at 10–14. Mendez also seeks recovery through four state-level claims, including: 1) breach of the implied covenant of good faith and fair dealing (aka breach of contract), 2) intentional infliction of emotional distress, 3) defamation, and 4) fraud. Dkt. 19, at 14–17.

the City of Boise's Motion to Dismiss.

### A. Boise's Motion to Strike Mendez's Amended Complaint

Under Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter." Additionally, a court may exercise discretion to strike any pleadings that violate the Federal Rules of Civil Procedure. *See Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 7 (D.D.C. 2004).

The City of Boise argues that Mendez's Amended Complaint was not filed in a timely matter and must be stricken. Dkt. 20-1, at 7. Federal Rule of Civil Procedure 15(a)(1)(B) allows a party to "amend its pleading once as a matter of course," but the party must file the amended pleading "within . . . 21 days after service of a responsive pleading."[4] Otherwise, a party must receive written consent from the opposing party or the Court's leave to amend its pleadings. Fed. R. Civ. P. 15(a)(2).

The City of Boise served Mendez its Motion to Dismiss on December 29, 2022. Dkt. 13. Although the Court extended Mendez's deadline for filing a response to January 26, 2023, the deadline extension applied only to a response and not an amended complaint. *See* Dkt. 17. This means that Mendez had until January 19, 2023, to file his Amended Complaint as a matter of course. However, Mendez did not file his Amended Complaint until January 25, 2023 (Dkt. 19) and was, therefore, late. Further, Mendez did not receive written consent from the City of Boise or the Court's leave to amend his Complaint. As

---

[4] A responsive pleading is typically an answer to a complaint or a pre-answer motion such as a 12(b)(6) motion to dismiss.

such, the Court strikes Mendez's Amended Complaint for violating Rule 15(a) of the Federal Rules of Civil Procedure.

### B. Boise's Motion to Dismiss Mendez's Complaint

Even if the Court did not strike Mendez's Amended Complaint, the Amended Complaint contains no additional allegations or claims that would substantially alter the Court's consideration of whether to dismiss Mendez's claims against the City of Boise. Thus, the Court now engages in an analysis of Mendez's Complaint to determine whether Mendez has failed to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Additionally, parties may assert an affirmative defense in a motion to dismiss, and by that same token, courts may dismiss claims based on affirmative defenses. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *ASARCO, LLC v. Union Pacific R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014); *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013); *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013). The Ninth Circuit instructs that "[w]hen an affirmative defense is obvious on the face of a complaint, . . . a defendant can raise that defense in a motion to dismiss." *Rivera*, 735 F.3d at 902.

Here, the City of Boise presents two affirmative defenses as grounds for dismissal of Mendez's Complaint: (1) the doctrine of res judicata and (2) statutes of limitations.

### 1. Doctrine of Res Judicata

First, the City of Boise argues that, under the doctrine of res judicata, Mendez's current claims are precluded by his prior suits that presented the same claims. Dkt. 13-1, at 8. In other words, the City argues that because Mendez's current case is based on the same operative facts as his 2020 case, any new or varying claims brought forth in this suit should have been brought in the 2020 suit and are consequently barred. *Id.*, at 9–12.

The doctrine of res judicata, also known as claim preclusion, prohibits parties from "relitigating issues that were or could have been raised" in a prior action when that prior action was a final judgment on the merits. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). As a rule, res judicata is established by "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005).

Claims between two cases are considered identical when they "arise from the same transactional nucleus of facts" *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1078 (cleaned up). Even "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* Here, Mendez's current Complaint and his complaint filed with Judge Winmill in 2020 are nearly identical. *See* Dkt. 2; Case No. 61 Dkt. 2. Although Mendez divided his former Fourteenth Amendment claim into three separate smaller claims, Mendez's legal arguments and prayers for relief are essentially the same between both complaints, and there is no substantial difference in the operative facts presented in either case. Thus, the facts between the two cases are identical for purposes of establishing res judicata.

For the second element of res judicata, dismissal for failure to state a claim under Rule 12(b)(6) is considered a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002). Although Judge Winmill dismissed Mendez's 2020 claims without prejudice, his dismissal of the claims was not due to insufficient pleading of the facts but "because the City's actions cannot arise to a violation of the Constitution or FDCPA . . . ." Case No. 61, Dkt. 4, at 12. In other words, Judge Winmill assessed the merits of Mendez's federal claims as a matter of law and found that they were not viable.[5] As a result, Judge Winmill declined to exercise supplemental jurisdiction over Mendez's state law claims (*Id.*, at 11) and denied Mendez an opportunity to amend because amendment would be futile (*Id.*, at 12). On appeal, Judge Winmill was affirmed in all respects by the Ninth Circuit. Case No. 61, Dkt. 10. As the legal merits of Mendez's claims were previously heard and determined by both this Court and the Ninth Circuit, Judge Winmill's dismissal of Mendez's 2020 action was a final judgment on the merits for purposes of establishing res judicata.

Privity between parties exists when the parties between the prior suit and the current suit are identical. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). Here, Mendez has sued the same five defendants in both his 2020 case and the current Case.[6] Thus, there is privity between the parties sufficient to satisfy the doctrine of res

---

[5] Judge Winmill dismissed Mendez's complaint without prejudice because, while the City of Boise could not be held liable, a third-party that meets the definition of "debt collector" under the FDCPA could be held liable. Therefore, it appears Judge Winmill dismissed Mendez's case without prejudice in order to permit Mendez to refile his suit should there be a more appropriate defendant.

[6] Both cases list the City of Boise, David Bieter, City of Boise Counsel, City of Boise Public Works Department, and City of Boise Legal Department as Defendants.

judicata.

As the elements of res judicata have been satisfied in this case, Mendez is precluded from, once again, bringing forth these same claims from this same set of operative facts against these same defendants in this case.

2. *Statute of Limitations*

The City of Boise further argues that, even if Mendez's current claims were not precluded, the statutes of limitations for Mendez's federal claims against the City have already run. Dkt. 13-1, at 12–13. Although Mendez's violation of the doctrine of res judicata alone is sufficient to dismiss this case, the Court will address the merits of the City of Boise's statute of limitations arguments for the sake of being thorough.

First, Mendez's claim under 42 U.S.C. § 1983 is subject to Idaho's statute of limitations for personal injury actions. *See Samuel v. Michaud*, 980 F.Supp. 1381, 1410 (D. Idaho 1996). Idaho's personal injury statute of limitations is two years from the date the cause of action accrues. Idaho Code § 5-219(4). Although the applicable statute of limitations for 1983 actions is determined by state law, federal law determines when a 1983 claim accrues. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 926 (9th Cir. 2004). A 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999)).

Here, Mendez knew or had reason to know of his alleged injury when the City of Boise issued a small claim in state district court. *See* Dkt. 2, ¶ 38. That claim resulted in the filing of a judgment lien on October 22, 2019. *Id.*, ¶ 45. At the latest, Mendez was aware of the lien when he filed to set the judgment aside on October 28, 2019. *Id.* As the

lien is the injury that forms the basis of Mendez's action, the statute of limitations for this action ran on October 28, 2021, at the latest. Mendez filed the current 1983 claim on November 15, 2021. Dkt. 1. Thus, Mendez filed this claim after the statute of limitations had already run, and the claim should be dismissed.

As for Mendez's FDCPA claim, the statute of limitations ran on January 18, 2020. FDCPA claims have a one-year statute of limitations from the date the alleged violation occurs. 15 U.S.C. § 1692k(d). In Mendez's answer to the City of Boise's small claim against him, Mendez argued that the City of Boise violated the FDCPA, therefore acknowledging that the alleged violation had occurred sometime prior to the filing of his answer. *See* Dkt. 2, ¶ 39. That answer was filed on January 18, 2019. *Id.* Thus, at the latest, the statute of limitations ran on January 20, 2020, and Mendez is consequently barred from adjudicating this claim again.

As the statutes of limitations have run for each of Mendez's current federal claims, the Court cannot exercise supplemental jurisdiction over the remaining state claims. Thus, even if res judicata does not apply, Mendez's present case must still be dismissed for failure to state a claim.

Mendez argues that his case is exempt from the doctrine of res judicata and the statute of limitations because he is experiencing a continuing wrong each time the City of Boise sends him a collection letter. Dkt. 18, at 10–13. It is true that the doctrine of res judicata does not preclude previously adjudicated claims so long as the plaintiff alleges new facts or a worsening of conditions that did not exist at the time of the prior action. *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955). However, Mendez has not

MEMORANDUM DECISION AND ORDER - 10

provided any new facts, nor has he alleged a worsening of his condition not already specified in his prior suits. Mendez had already alleged that the City of Boise was sending him repeated collection letters in his earlier suits, and he does not specify any new or worsening injury resulting from these letters. Case No. 61, Dkt. 2, ¶ 50. Therefore, the continuing wrong doctrine does not apply here, and Mendez's case must be dismissed.

### IV. CONCLUSION

Mendez failed to file his Amended Complaint before the deadline imposed by Rule 15(a) of the Federal Rules of Civil Procedure. The Amended Complaint is, therefore, stricken. Additionally, the operative facts, claims, and defendants in this case are virtually identical to those presented in Mendez's 2020 case (Case No. 61) which was adjudicated on the merits by Judge Winmill and affirmed by the Ninth Circuit. Mendez is, therefore, precluded from bringing these same claims before the Court once again. What's more, the statutes of limitations have already run for Mendez's federal claims, which prohibits the Court from exercising supplemental jurisdiction over Mendez's state claims. Considering each of these factors, the Court must dismiss this case. And it must dismiss with prejudice.

The Court understands that dismissal with prejudice is a harsh remedy. Dismissing a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). Here, no amendment could save Mendez's claims because all are barred as a matter of law. The Court will dismiss with prejudice.

///
///

## V. ORDER

The Court HEREBY ORDERS:

1. The City of Boise's Motion to Strike Mendez's Amended Complaint (Dkt. 20) is GRANTED.

2. The City of Boise's Motion to Dismiss Mendez's Complaint (Dkt. 13) is GRANTED

3. This case is DISMISSED with prejudice and CLOSED.

DATED: July 31, 2023

David C. Nye
Chief U.S. District Court Judge